**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **ALBERT LITTLEJOHN** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-14-1696 |
| **BWW LAW GROUP & ASSOCIATES,** *et al.*, | * | |
| Defendants. | * | |
|  | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

An unrepresented Plaintiff has brought this action alleging a series of statutory violations and tort claims relating to the apparent securitization of, and subsequent foreclosure on, his mortgage. Defendants, including several financial institutions with interests in the mortgage and the attorneys who litigated the foreclosure, have moved to dismiss for failure to state a claim. Because Plaintiff has failed to plead any particularized facts that could support a cause of action against any Defendant, and because such facts as Plaintiff has alleged are outside of the statute of limitations applicable to any of his claims, I grant the motions to dismiss.[1]

---

[1] This Memorandum Opinion disposes of (1) Defendants BWW Law Group, LLC and Matthew Cohen's Motion to Dismiss and Request for a Hearing ("BWW's Mot. to Dismiss"), ECF No. 5, and Defendants BWW Law Group and Matthew Cohen's Motion to Dismiss ("BWW's Renewed Mot."), ECF No. 15; (2) Defendants HSBC Bank USA, N.A., Ocwen Loan Servicing, LLC, Altisource Portfolio Solutions, Inc., and Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss ("Financial Defs.' Mot. to Dismiss"), ECF No. 12; (3) Defendant Monica Hardaway's Answer, construed as a motion to dismiss ("Hardaway's Mot. to Dismiss"), ECF No. 20; (4) Hardaway's Motion to Dismiss ("Hardaway's 2d Mot. to Dismiss"), ECF No. 28, and Plaintiff Albert Littlejohn's Opposition ("Pl.'s Hardaway Opp'n & Mot. to Strike"), ECF No. 28; (5) Littlejohn's Motion to Strike Defendant's Request to Dismiss as Premature ("Pl.'s Hardaway Opp'n & Mot. to Strike"), ECF No. 29, and supporting Memorandum ("Pl.'s Hardaway Mem."),

**I.     BACKGROUND**

For the purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff has alleged in his complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff's long and convoluted Verified Complaint, filed *pro se*, is extremely difficult to follow and focuses almost exclusively on generalized and irrelevant allegations of Defendants' wrongdoing that do not relate to any transactions with Litteljohn. The Complaint also is rife with technical errors: its paragraphs are numbered neither sequentially nor consecutively, *see, e.g.*, Compl. 16 (containing paragraphs numbered 46, 47, 9, 10, 11), and is inconsistent about basic matters such as Littlejohn's gender, *compare id.* at 2 ("COMES NOW, Albert Littlejohn, *pro se*, ('Plaintiff'), entering his Complaint"), *with id.* at 3 ("Plaintiff has exercised extreme diligence in her attempts to discover all Indispensable parties").

As best as can be discerned from the Complaint, Plaintiff Albert Littlejohn took out a loan from Fremont Investment & Loan ("Fremont") in April 2006, secured by a deed of trust on Littlejohn's residence at 15215 Derbyshire Way in Accokeek, Maryland (the "Mortgage"). Compl. 6; Deed of Trust, Compl. Ex. A, ECF No. 2-1.[2] The mortgage subsequently was securitized through Mortgage Electronic Registration Systems, Inc. ("MERS") into ACE Securities Corp. Home Equity Loan Trust, Series 2006-FM1, Asset Backed Pass-Through Certificates, for which Defendant HSBC Bank USA, N.A. ("HSBC") served as trustee and was

---

ECF No. 30; and (6) Littlejohn's Motion of Corrective Measures Proposed by the Plaintiff to Remedy and Cure Claims as to Process of Service on Monica Hardaway and Motion for Extension of Time to Serve Monica Hardaway by US Marshall [*sic*] and Notice of Publication ("Pl's Mot. for Alt. Service"), ECF No. 31.

[2] The Complaint alleges that the principal amount of the loan was $599,000.00, Comp. 6, whereas the Deed of Trust states the principal amount as $472,000.00, Deed of Trust 2. It is not entirely clear if Littlejohn simply is incorrect or is referring to additional sums that have been added to the principal amount or otherwise were not reflected in the Deed of Trust, but the exact amount of the loan secured by the Mortgage is not relevant at this juncture in any event.

the investor holding the loan.  *See* Compl. 7–9.  Ocwen Loan Servicing, LLC ("Ocwen")—which is alleged to be an affiliate or subsidiary of Defendant Altisource Portfolio Solutions, S.A. ("Altisource" and, collectively with HSBC, MERS, and Ocwen, the "Financial Defendants") and which employs unserved Defendant Linda M. McCauley—serviced the loan.  Compl. 7, 14.

Littlejohn alleges that in or around December 2009, the Financial Defendants, represented by Defendants Matthew Cohen and BWW Law Group, LLC (collectively, "BWW"), initiated a foreclosure proceeding against the Derbyshire Way property (the "Property").  Compl. 10–11.  However, I take judicial notice, Fed. R. Evid. 201, of the fact that the Maryland Judiciary Case Search indicates that the foreclosure was initiated against the Property on December 22, 2008, and that the sale was ratified in 2010.  *See* Docket, *McFayden v. Littlejohn*, No. CAE08-37950 (Md. Cir. Ct. P.G. Cnty.), available at http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=CAE0837950&loc=65&detailLoc=PGV (last visited Nov. 10, 2014); *cf. Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) ("In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record." (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)).  Littlejohn alleges in general terms that the foreclosure was obtained as a result of "[f]raudulent and misleading statements and documentation" filed by BWW and Cohen on behalf of their clients.  Compl. 11.

Littlejohn filed his *pro se* Complaint in the Circuit Court for Prince George's County on or around January 15, 2014.  Notice of Removal, ECF No. 10.  The Complaint purports to set forth six counts: (I) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (II) "Wrongful Foreclosure; Failure to Comply with Maryland Real Property Article, §§ 7-105.1 or 7-105.2"; (III) negligence; (IV) violation of the Maryland Consumer

Protection Act ("MCPA"), Md. Code Ann., Com. Law § 13-101 et seq.; (V) declaratory judgment; and (VI) "Respondents Superior." Compl.[3]

Although BWW filed a Motion to Dismiss and Request for a Hearing ("BWW's Mot. to Dismiss"), ECF No. 5, in the circuit court, the Financial Defendants removed to this Court on May 27, 2014, which BWW joined, Consent and Joinder, ECF No. 17. Shortly after removal, the Financial Defendants filed their own Motion to Dismiss ("Financial Defs.' Mot. to Dismiss"), ECF No. 12, and BWW filed a renewed motion to dismiss, ("BWW's Renewed Mot."), ECF No. 15, incorporating by reference their motion filed in state court and the Financial Defendants' Motion to Dismiss. Littlejohn has not responded to any of these motions, and the time to do so has passed. Loc. R. 105.1. In addition, Defendant Monica Hardaway has filed a motion to dismiss ("Hardaway's Mot. to Dismiss"), ECF No. 20, denying that she is the Monica Hardaway named in the caption of the Complaint,[4] followed by a second motion to dismiss ("Hardaway's 2d Mot. to Dismiss"), ECF No. 28, which purports to make the same argument. Littlejohn has filed a Response in Opposition to Defendant Monica Hardaway's Motion to Dismiss and Motion to Strike Defendant's Request to Dismiss as Premature ("Pl.'s Hardaway Opp'n & Mot. to Strike"), ECF No. 29, and supporting Memorandum ("Pl.'s Hardaway Mem."), ECF No. 30, as well as a Motion of Corrective Measures Proposed by the Plaintiff to Remedy and Cure Claims as to Process of Service on Monica Hardaway and Motion for Extension of Time to Serve Monica Hardaway by US Marshall [*sic*] and Notice of Publication ("Pl.'s Mot. for Alt. Service"),

---

[3] Littlejohn also has filed a thirty-four-page "Criminal Complaint" citing various provisions of Maryland Criminal Law and Title 18 of the United States Code related "to the obscumption of real property, located at 15215 Derbyshire Way." Crim. Compl., ECF 3. Because a private plaintiff cannot initiate criminal proceedings in federal court, I will disregard this document entirely.

[4] Although ECF No. 20 was captioned as an Answer, it seeks dismissal of the complaint and I therefore have construed it as a motion to dismiss. Fed. R. Civ. P. 1, 8(e); Order, ECF No. 27.

ECF No. 31. Hardaway has not responded to these filings and the time to do so has passed. Loc. R. 105.1. Having reviewed the filings, I find a hearing is not necessary. Loc. R. 105.6.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). However, if the Court considers matters

outside the pleadings the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013).

## III. DISCUSSION

### A. BWW and the Financial Defendants' Motions to Dismiss

BWW and the Financial Defendants have sought to dismiss Littlejohn's Complaint for failure to state a claim. As a threshold matter, both motions allege that the complaints do not comport with the requirements of Fed. R. Civ. P. 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." "As the Court held in [*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Littlejohn's Complaint does not meet this standard.

First, many of the allegations in Littlejohn's complaint relate to generalized accusations of wrongdoing by Defendants that bear no direct relation to Littlejohn. *See, e.g.*, Compl. 12 (referring to "violations of federal and state statutes and common law torts, which have been perpetrated against Maryland recording clerks, the Maryland Revenue Cabinet and property owners"), 23 (alleging that Defendants "knowingly and willfully filed false, fabricated, and counterfeit documents in support of the Order to Docket in every, or virtually every, foreclosure docketed from 4 April 2008 through 31 May 2010"). It is apparent that Littlejohn lacks standing to bring any claims arising out of acts that did not affect him directly. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ("the plaintiff must have suffered an 'injury in

fact'—an invasion of a legally protected interest which is [] concrete and particularized"). Thus I will consider only claims that relate to Littlejohn himself.

With respect to those claims, the Complaint woefully is deficient and I cannot see where Littlejohn has alleged any specific wrongful acts committed against him by any of the Defendants. Rather, Littlejohn alleges generally that Defendants "have reaped millions of dollars in profits through employment of a pattern of deceptive practices, misleading Littlejohn and others similarly situated" through "discriminatory, predatory, unconscionable, deceptive, and fraudulent tactics to service, collect or foreclose upon said mortgage." Compl. 4. He alludes to "a carefully calculated conspiracy" aimed at "illegally obtaining a fraudulent foreclosure to which they had no interest," *id.* at 8, and claims, conclusorily, that "the loan transactions in question contain dozens of violations of federal and state statutes and common law torts," *id.* at 18. But nowhere does Littlejohn enumerate the acts that allegedly harmed him. I cannot see how this vague, conclusory pleading satisfies Rule 8, *Iqbal*, or *Twombly*—much less the heightened pleading standard for allegations of fraud under Fed. R. Civ. P. 9(b). Littlejohn also has not stated a valid claim with respect to any of the counts he asserts.

1. *Count I: FDCPA Violations*

Littlejohn alleges that Defendants

violated FDCPA (15 U.S.C. § 1692e(5)) and the Maryland Fair Debt Collections Act, by threat[en]ing to take and actually taking action that they could not take in that they docketed foreclosures with the knowledge that they would improperly support the docketing with false, fabricated, or counterfeit affidavits, support the sales of consumer homes with false, fabricated, or counterfeit affidavits, and obtain ratification of sales with false, fabricated, or counterfeit affidavits, knowing that such debt was not owed to the Defendants (As the very records of the Trust clearly depicted the Plaintiff's Security Note within the Trust as being PAID IN FULL IN THE YEAR 2009.

Compl. 21. Nowhere does Littlejohn allege *what* actions he believes Defendants had taken that violated the FDCPA, and therefore he has not stated a valid claim.

But even assuming that these vague allegations could suffice to state a claim, it is clear from the face of the Complaint that any would be time-barred. "An action to enforce any liability created by [the FDCPA] may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). But Littlejohn does not allege any actions by Defendants more recent than the foreclosure on the Property, which Littlejohn alleges occurred in 2009 but in any event appears to have concluded in 2010. Littlejohn's Complaint, filed in 2014, was well past the statute of limitations under the FDCPA, and accordingly Littlejohn cannot state a claim for FDCPA violations against any Defendant.

Littlejohn also refers several times to the "Maryland Fair Debt Collections Act," *see* Compl. 21, which is not the proper name of any existing Maryland law but may be intended to refer to the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 et seq. *See* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.") However, Littlejohn's has not set out any particularized facts supporting liability under the MCDCA any more than he has under the FDCPA. And even if he had, any such claims appear to have arisen no later than 2010, and therefore would be outside of the three-year statute of limitations for MCDCA claims. *See Kouabo v. Chevy Chase Bank, F.S.B.*, 336 F. Supp. 2d 471, 475 n.2 (D. Md. 2004). Count I must be dismissed.

  **2.** *Count II: Wrongful Foreclosure*

Littlejohn cannot assert a claim for "wrongful foreclosure" because no such cause of action exists in Maryland. *See Davis v. Wilmington Fin., Inc.*, No. PJM-09-1505, 2010 WL 1375363, at *7 (D. Md. March 26, 2010) ("Plaintiffs cite no authority, and the Court can find

none, that 'Wrongful Foreclosure' is a separate cause of action in Maryland."). Nor does it appear that Littlejohn can bring a free-standing cause of action for violations of Md. Code Ann. Real Prop. §§ 7-105.1 or 7-105.2. First, § 7-105.1 simply is a definitions section, and Littlejohn does not indicate how one could violate it at all. Section 7-105.2 provides requirements for notice to a property owner in a foreclosure action, and so, unlike § 7-105.1, feasibly could be violated. But even assuming that this Court is the proper forum for determining whether any or all Defendants complied with § 7-105.2 (which is far from clear), § 7-105.2(e) expressly provides that "[t]he right of a record owner to file an action for the failure of the person authorized to make a sale in an action to foreclose a mortgage or deed of trust to comply with the provisions of this section shall expire 3 years after the date of the order ratifying the foreclosure sale." The order ratifying the sale was entered on June 9, 2010, Docket, *MacFayden v. Littlejohn*, No. CAE08-37950, and therefore any claim for violations of § 7-105.2 expired on June 9, 2013, more than six months before Littlejohn filed his complaint in January 2014. Any such claim therefore is untimely and must be dismissed.

    **3.** *Count III: Negligence*

"In a negligence case, there are four elements that the plaintiff must prove to prevail: 'a duty owed to him . . ., a breach of that duty, a legally cognizable causal relationship between the breach of duty and the harm suffered, and damages.'" *Schultz v. Bank of Am., N.A.*, 990 A.2d 1078, 1086 (Md. 2010) (quoting *Jacques v. First Nat'l Bank*, 515 A.2d 756, 758 (Md. 1986)). Littlejohn's purported negligence claim is no more than a list of Maryland Code provisions relating to foreclosures and claims that Defendants, generally, did not comply with those provisions. Compl. 24–26. Leaving aside the fact that it does not appear from the Complaint that any Defendants other than BWW were involved in the foreclosure proceedings directly,

Littlejohn does not explain how any of the alleged breaches caused harm to him directly and therefore has not stated a claim for negligence. *Id.*

More to the point, Littlejohn alleges that Defendants' negligence occurred between April 2008 and May 2010. Compl. 25. The statute of limitations for negligence actions in Maryland is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues . . . ."). Littlejohn's negligence claim, if one ever existed, was beyond the statute of limitations when filed in January 2014, and therefore Count III must be dismissed.

    **4.**   *Count IV: MCPA Violations*

Littlejohn's MCPA claims also are time-barred. The Maryland Court of Appeals has held that claims under the Consumer Protection Act are subject to the three-year statute of limitations provided for civil claims in Cts. & Jud. Proc. § 5-101. *Master Fin., Inc. v. Crowder*, 972 A.2d 864, 872 (Md. 2009). As with the rest of Littlejohn's claims, it appears that any MCPA claims arose, at the latest, in 2010, and therefore were time-barred in January 2014. Count IV must be dismissed.

    **5.**   *Counts V and VI: Declaratory Judgment and "Respondent Superior"*

Littlejohn's counts for declaratory judgment and "respondent superior" fail on their face. In Count V, Littlejohn purports to seek declaratory judgment based on his contention "that the Defendants' conduct is illegal, in contravention of Maryland statutes, and in contravention of Maryland rules." Compl. 28. However, this Court may not rule generally on abstract questions of law, but is confined to ruling on actual cases and controversies. *See* U.S. Const. art. III, § 2. Accordingly, "[a] federal court may exercise its jurisdiction in a declaratory judgment proceeding only when 'the complaint alleges an actual controversy between the parties of

sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" *Jones v. Sears Robuck and Co.*, 301 F. App'x 276, 282 (4th Cir. 2008) (quoting *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004)).  Littlejohn has not shown how the completed foreclosure proceeding against him presents a real and imminent controversy such that declaratory relief is appropriate.  To the contrary, Littlejohn, in essence, is seeking an order interpreting several procedural and legal requirements for foreclosures and, in some cases, modifying the requirements of Maryland statutes.  *See* Compl. 29.  This amounts to a request for an impermissible advisory opinion, and Count V must be dismissed.

Littlejohn also has not shown any basis for respondeat superior liability.  "Under the doctrine of respondeat superior, an employer is jointly and severally liable for the torts committed by an employee acting within the scope of employment."  *S Mgmt. Corp. v. Taha*, 769 A.2d 962, 975 (Md. Ct. Spec. App. 2001), *vacated and remanded on other grounds*, 790 A.2d 11 (Md. 2002).  Having failed to allege any valid tort claims in his Complaint, Littlejohn cannot have stated a basis for respondeat superior liability either, and Count VI must be dismissed.

**B.  Hardaway's Motions to Dismiss and Remaining Defendants**

There currently are four open motions addressing a dispute between Littlejohn and Defendant Monica Hardaway over whether Littlejohn correctly has identified Hardaway as a defendant in this case.  Notably, although the Complaint is rambling and difficult to follow, it does not appear to contain any allegations against Hardaway herself, *see* Compl.; rather the only basis for Hardaway's liability appears to be that a Monica Hardaway was the subscribing notary on a Deed of Removal and Appointment of Successor Trustees executed in 2008, attached as an exhibit to Littlejohn's purported Criminal Complaint, *see* Deed of Removal, Crim. Compl. Ex.

A-1, ECF No. 3-1. Hardaway has filed two motions to dismiss on the grounds that she is not the same Monica Hardaway who notarized the Deed of Removal, Hardaway's Mot. to Dismiss; Hardaway's 2d Mot. to Dismiss, and in response, Littlejohn has filed an opposition and motion to strike, Pl.'s Hardaway Opp'n & Mot. to Strike, and a motion seeking an extension of time to serve and an order allowing for service by the United States Marshal Service and by publication, Pl.'s Mot. for Alt. Service.

Unfortunately for Hardaway, the argument that she is not the person named in the Complaint is not, itself, grounds for dismissal. Rather, Hardaway simply has denied the facts in the Complaint as they relate to her, and although Littlejohn has an obligation not to pursue a claim against a person that he knows is not a proper defendant, *see* Fed. R. Civ. P. 11(b), he is not obligated to retreat from his claims based on Hardaway's word alone.

Yet there is a more fundamental problem with Littlejohn's claims against Hardaway: they are not supported by any factual allegations in the Complaint and it is not apparent how the mere act of notarizing a signature on the Deed of Removal in 2008 could give rise to any liability— much less liability with respect to a claim that is not presently time-barred. Though Hardaway has not moved to dismiss under Rule 12(b)(6), "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014); *see also Mallard v. U.S. Dist. Court*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). Littlejohn has presented no conceivable basis for imposing liability on Hardaway, irrespective of whether he has served the proper person. Accordingly, the claims against Hardaway will be dismissed in their entirety and her first motion

Case 8:14-cv-01696-PWG   Document 32   Filed 11/14/14   Page 13 of 14

to dismiss will be granted. As a result, both Hardaway's second motion to dismiss and Littlejohn's motion to strike the second motion to dismiss are moot. Because Littlejohn cannot state a nonfrivolous claim against Hardaway, there also is no basis to make any provisions to allow him to serve her, and his Motion for Alternate Service also must be denied.

Similar issues arise with respect to Defendants Linda M. McCauley and Denise Bailey, neither of whom appears to have been served with the summons and complaint. Because Littlejohn has not set forth any potentially valid claim that is not time-barred and there is no indication that he could do so, there is no need to allow these claims to move past the pleading stage. "When a plaintiff fails to state a claim, he 'should generally be given a chance to amend the complaint . . . before the action is dismissed with prejudice." *Weigel v. Maryland*, 950 F. Supp. 811, 825–26 (D. Md. 2013) (quoting *Fin. Serv. Cas. Corp. v. Settlement Funding, LLC*, 724 F. Supp. 2d 662, 674–76 (S.D. Tex. 2010) (ellipsis in original)). But, dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim. *See, e.g.*, *Cozzarelli v. Inspire Pharm., Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Accordingly, the Complaint will be dismissed in its entirety, and there is no reason to give Littlejohn an opportunity to amend.

## IV. CONCLUSION

For the aforementioned reasons, (1) BWW's Motion to Dismiss, ECF No. 5, will be GRANTED, and the BWW Defendants' Renewed Motion to Dismiss DENIED as moot; (2) Defendants Altisource, HSBC, MERS, and Ocwen's Motion to Dismiss, ECF No. 12, will be GRANTED; (3) Defendant Monica Hardaway's Motion to Dismiss, ECF No. 20, will be GRANTED; (4) Hardaway's Second Motion to Dismiss, ECF No. 28, will be DENIED as moot; (5) Plaintiff Albert Littlejohn's Hardaway Opposition, insofar as it he seeks to strike ECF No.

28, will be DENIED as moot; and (6) Plaintiff's Motion for Alternate Service, ECF No. 31, will be DENIED.

This case will be DISMISSED in its entirety.

A separate order shall issue.

Dated: <u>November 14, 2014</u>                              <u>      /S/             </u>
                                                           Paul W. Grimm
                                                           United States District Judge

dsy